UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOA TECHNOLOGIES, INC., | ) | CASE NO. 1:12CV667 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MANUEL GUZZETTI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Plaintiff, TOA Technologies, Inc. ("TOA"), to Extend the Temporary Restraining Order or Issue Preliminary Injunction, and the Motions (ECF DKT #9 & ECF DKT #13) of Defendants, Click Software, Inc. ("Click") and Manuel Guzzetti ("Guzzetti") to Dissolve Ex Parte Temporary Restraining Order.  For the following reasons, the Motions are denied.

**I. BACKGROUND**

This contract dispute was removed from Cuyahoga County Common Pleas Court on March 19, 2012 on the basis of diversity jurisdiction.  TOA is an Ohio corporation; Click is a California corporation with a principal place of business in Massachusetts; and Guzzetti is an

Argentine citizen, who was a consultant with TOA from November 16, 2009 until June 29, 2011, and now is retained by Click as "an independent contractor in Brazil to serve as a local liaison between Click and its South American business partners." Guzzetti allegedly executed an agreement in November of 2009, agreeing, in pertinent part, not to work for a competitor of TOA for twelve months after his separation; not to solicit TOA customers or potential customers for twenty-four months; and not to use or disclose TOA trade secrets and confidential information.

On March 14, 2012, the Common Pleas Court entered an *ex parte* Temporary Restraining Order ("TRO") prohibiting Guzzetti and Click from the competitive conduct described in the November 2009 agreement. The TRO expires at 12:00 a.m. on March 29, 2012. TOA posted a $5,000 bond as security.

On March 20, 2012, after removal, Click moved for dismissal on the basis of lack of personal jurisdiction. (ECF DKT #8). Click argues it has no contacts with the State of Ohio, does not conduct business here, and was not a signatory to the non-competition/confidentiality agreement.

On March 21, 2012, Click moved to dissolve the March 14 *ex parte* TRO. (ECF DKT #9). On March 22, 2012, pursuant to TOA's request for a status conference and a hearing on Preliminary Injunction (ECF DKT #5), the Court conducted an attorney status conference, and heard all the parties on the outstanding issues.

Thereafter, on March 23, 2012, Guzzetti moved to dissolve the TRO. (ECF DKT #13). On March 27, 2012, TOA filed its opposition (ECF DKT #15) to the motions to dissolve, and filed its separate Motion (ECF DKT #16) to Extend the Temporary Restraining

Order or Issue Preliminary Injunction.

In its Verified Complaint (ECF DKT #1-1), TOA alleges breach of contract against Guzzetti; unfair competition against Guzzetti and Click; trade secret violation under R.C. 1333.61 against Guzzetti; tortious interference with contractual relations against Click; and unjust enrichment against Guzzetti and Click. TOA sets forth the following allegations: Guzzetti's first position at TOA was Vice President of Sales for Latin America; and he later transitioned to Sales Director of the Southern Cone of South America, including Argentina, Chile, Uruguay, Paraguay, Bolivia, Peru, Ecuador, and to a limited extent, Columbia and Venezuela. Guzzetti had access to confidential and proprietary information and trade secrets, including financial information, sales information ("Salesforce" database), pricing models, contact information for actual and potential clients, marketing information, and information regarding TOA's technology, methods, processes, operations, and services required by and/or preferred by TOA's clients. His duties included establishing "sales pipelines" in many Latin American countries; and he had a close working relationship with TOA's prospective customers at all levels. Guzzetti attended TOA's Sales Training program and participated in annual sales kickoff meetings. Guzzetti was allegedly terminated on June 29, 2011 for non-performance. When he returned his laptop, Guzzetti allegedly failed to return all TOA's confidential and proprietary information because it had been erased from the hard drive. (Verified Complaint at ¶ 25, ECF DKT #1-1).

Click offers the Affidavit (ECF DKT #9-2) of its Vice President of Finance and Operations, Joel Jeselsohn; and thus, provides evidence which was obviously not before the state court judge. In its Motion to Dissolve, Click argues that the TRO is overbroad and

unduly burdens Click's ability to conduct its lawful business. The TRO was entered *ex parte* and without any input from Click. In its Complaint, TOA alleges unfair competition, tortious interference with the non-compete/confidentiality agreement between TOA and Guzzetti; and unjust enrichment against Click. Click has affidavit evidence that it was pursuing the South American market years before it retained Guzzetti, i.e., since 2008. Furthermore, Click avers it did not have knowledge of the non-compete agreement until TOA mailed it to them days before the lawsuit was filed. Click notes that TOA has not identified any specific customers or contracts that were "appropriated" by Click with the aid of Guzzetti. (One identified customer, GVT, issued a Request for Proposal in August 2011; both TOA and Click are competing for that business; and the contract has not yet been awarded.) Moreover, in his Affidavit, Jeselsohn swears that "Guzzetti has not provided Click with any information concerning TOA's pricing structure, business plans, customer prospects or any other information that a business such as Click or TOA would consider confidential."

Counsel for Guzzetti filed an appearance, but specifically noted that Guzzetti waived none of the defenses available to him. Guzzetti filed his own Motion to Dissolve (ECF DKT #13), at the Court's direction, and joined in the arguments made by Co-Defendant Click. Guzzetti further asserts that TOA has failed to demonstrate any likelihood of success on the merits and has not made a clear showing of immediate and irreparable injury, loss, or damage. Guzzetti argues that TOA's recitations of his conduct while with TOA, his attendance at an industry event, and TOA's beliefs about Click's business activities in Latin America and South America since Guzzetti joined Click are insufficient to support a claim for extraordinary relief. Guzzetti adds that he has not been served; he is a citizen of Argentina;

and the reasonableness and enforceability of the Ohio Consultation Agreement is questionable.

## II. ANALYSIS

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968).

Upon consideration of the evidence, the Court finds that TOA has not sufficiently satisfied all four factors, and thus, has not met its burden for entitlement to injunctive relief.

**Public interest**

The public interest is certainly served by upholding contracts, recognizing contractual obligations, and preventing unfair competition.

**Balance of harm if relief granted**

The agreement, executed by Guzzetti, protects TOA's legitimate interests; and Guzzetti and Click (his new employer and TOA's competitor) have no right to use TOA's confidential and proprietary information to gain an unfair economic advantage.  Indeed, Guzzetti's freedom to ply his trade would be limited by a restraining order; but, if necessary, he could apply his skill set to business enterprises outside the particularized "management of mobile workforces" industry for a reasonable time.  Click, on the other hand, as a competitor of TOA in the same industry, would suffer injury to a significant percentage of its business if it were barred from pursuing clients in the Latin American/South American sphere.

**Threat of irreparable harm**

The Court recognizes that, in employment disputes with non-competition/non-solicitation agreements, harm is not easily quantifiable and injunctive relief may be the only remedy.  *Basicomputer Corp. v. Scott*, 973 F.2d 507. 512 (6th Cir. 1992).  However, TOA's burden is high.  Since the Court is presented with competing affidavits about TOA's and Click's activity in computerized field service management for mobile workforces in the Latin American/South American zone; and the parties dispute claims that Guzzetti used TOA knowledge to assist his current employer, the evidence is in equipoise.

**Likelihood of success on the merits**

Although in the agreement Guzzetti executed with TOA, he ostensibly consents to

jurisdiction, venue and Ohio choice of law, he has not been served and brought before this Court.  Guzzetti is an Argentine citizen and must be served in compliance with the Hague Convention.  In addition, the other named Defendant, Click, has filed a Motion to Dismiss, claiming this Court lacks personal jurisdiction over it.

TOA disagrees with Defendants that the reach of any TRO or preliminary injunction against Click and Guzzetti is limited in scope to activities in the United States, its territories or possessions.  In support of its position, TOA cites to *Steele v. Bulova Watch Co.*, 344 U.S. 280, 289 (1952).  There, the Supreme Court held that U.S. courts "may command persons properly before them to cease or perform acts outside its territorial jurisdiction."  That decision is distinguishable.  The *Bulova* case concerns the enforcement of United States trademark laws, and enjoining the conduct of its citizens in a foreign country accordingly.  In the instant matter, TOA seeks to enforce, through the Court's injunction power, a private business contract against its former employee, an Argentine citizen, and against its competitor in a geographical area outside United States borders.

These issues of personal jurisdiction and enforceability militate against granting the extraordinary relief TOA desires.

### III. CONCLUSION

Therefore, in light of the evidence before it, and after balancing the required factors, the Court finds that Plaintiff, TOA Technologies, Inc., has not established by clear and convincing evidence that it is entitled to injunctive relief.  The Motion (ECF DKT #16) of Plaintiff, TOA Technologies, Inc. ("TOA"), to Extend the Temporary Restraining Order or Issue Preliminary Injunction is DENIED, and the Motions (ECF DKT #9 & ECF DKT #13)

of Defendants, Click Software, Inc. ("Click") and Manuel Guzzetti ("Guzzetti") to Dissolve Ex Parte Temporary Restraining Order are DENIED as moot since the *ex parte* TRO expired by its own terms at midnight, March 29, 2012.

TOA may respond to the Motion (ECF DKT #8) of Defendant, Click Software, Inc., to Dismiss for Lack of Personal Jurisdiction as provided by Local Rule. After briefing is completed, the Court will issue any necessary orders regarding discovery and further scheduling.

**IT IS SO ORDERED.**

**DATE: March 29, 2012**

                                                S/Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**